UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TODD SANDERS,                                                                    Plaintiff,

v.                                                       Civil Action No. 3:16-cv-312-DJH

WALMART STORES, INC.,                                                     Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Todd Sanders filed this *pro se* action proceeding *in forma pauperis*.  This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  Upon initial screening of the complaint, the instant action will be dismissed for the reasons that follow.

### I.

Plaintiff names Walmart Stores, Inc. as the only Defendant.  He states, "This is a wrongful conviction complaint in which the plaintiff (Todd Sanders) claims the defendant (Walmart stores Inc.) has conspired and demonstrated actions that constitute a breach of legal and moral duty owed to the plaintiff."  He states that his "constitutional rights and torts" have been violated.  His complaint lists the following sixteen headings:  "Defraud"; Wrongful Conviction; Nuisance; Intentional Torts; Conspiracy; "Delict"; Misconduct; Corruption; Defamation of Character; Damages; Emotional Damages; Loss of Income; Legal Expenses; Award of Damages; Punitive Damages; and Contempt.  Under each heading, Plaintiff states the same three dates:  February 15, 2010; September 12, 2014; and November 5, 2015.  However, he does not state what events occurred on each of these dates.  Under each heading, Plaintiff also

states, "Location:  700 W. Jefferson St., Louisville, KY, 40202, 12981 Shelbyville Road, Middletown, Kentucky, 40243."  While he does not state what occurred at either of these locations, the Court takes judicial notice that 700 W. Jefferson Street, Louisville, Kentucky, is the address of the Jefferson County Judicial Center.

Plaintiff makes factual allegations under each heading.  They all arise out of an incident where Plaintiff was arrested at a Walmart which he claims resulted in his wrongful conviction.  Plaintiff states that "the defendant made a misrepresentation of existing material facts, knowing they were to be false, and the defendant made it reckless to whether it was true or false by intending someone (the courts) to rely on the misrepresentation to create a damaging conviction for the plaintiff."  He also maintains that "the defendant accused the plaintiff of a crime in which likelihood of subsequent investigation proves the defendant's claim to be erroneous."  Plaintiff makes a number of other assertions including the following:

> [T]he defendant worked with an outside asset protection agency, and government officials who intentionally planned to take unlawful actions that resulted in harm to the plaintiff and the plaintiff's character.
>
> [T]he defendant carries a mainstream image as a member of society's status quo. The defendant had no proof of any illegal actions formed by the plaintiff, and the defendant's entire case was based on hearsay, opinion, and the status of who the defendant is as a member of society.  The defendant and its affiliates took actions that placed the defendant in violation of the law. . . .
>
> [T]he defendant acted within unacceptable and improper behavior, especially by a large corporation when it decided to recklessly prosecute, libel, defame, convict, and offend the innocent plaintiff.  The attorneys general's office, the governor's office, and the Supreme Court all located in the same Capital building and positioned adjacent to one another.  There is an increased possibility that they all know each other and may even be friends.  The defendant donates contributions and benefits to each of the party's constituents.  These type of relationships are very common, but difficult to prove thus providing a breeding ground for corruption. . . .
>
> The defendant's actions and choices to charge, pursue, and victimize the lower-level members of society in the court of law with fictitious charges hardly went

questioned.  The defendant participated in dishonest and fraudulent conduct while being in a position of power and influence.  The defendant influenced the attorneys general office to weigh in on the case and write letters to the Court of Appeal and Supreme Court's office that urged courts not to consider the plaintiffs legal complaints. . . .

[T]he defendant made false statements that offended the plaintiff and accused the plaintiff of a crime; the defendant manipulated testimonies that insulted the plaintiff's character and create a wrongful conviction; this created a wrongful record for the innocent plaintiff; these actions caused the plaintiff to be negatively labeled as a convict; this arrangement of activities ruin the plaintiff's reputation with the plaintiff's clients and increased employment difficulties. . . .

[B]y having the defendant arrested, interrogated, charged, placed in jail, ultimately wrongfully convicted, the defendant conducted actions and behaviors that caused the plaintiff to experience fear, anger, anxiety, and endured/experienced suffering as a victim of tort violation.

As relief, Plaintiff seeks "a not guilty verdict, expungement of the charge record, and the plaintiff seeks compensation and relief in the amount of $20,000,000 or reasonably less."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09.  Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  However, the duty "does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.

Plaintiff alleges a claim of wrongful conviction against Defendant and states that Defendant violated his constitutional rights.  A claim for violation of constitutional rights must be brought under 42 U.S.C. § 1983.  *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights.").  Section 1983 has two basic requirements:  (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Absent either element, no § 1983 claim exists.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff does not assert that Defendant was a state actor or was acting under color of state law.  As such, Plaintiff cannot allege a valid § 1983 action, and Plaintiff's claims alleging constitutional violations must be dismissed.

Even if Plaintiff could establish that Defendant was acting under color of state law, however, the Supreme Court has held that a convicted party may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If a ruling on a claim would necessarily render the plaintiff's conviction invalid, the claim must be dismissed because it is simply not cognizable until the challenged conviction has been remedied by some other process. *Id.* at 487.

Plaintiff's success on a wrongful conviction claim would necessarily render his conviction invalid. Nothing in the complaint suggests that the conviction has been reversed on appeal or otherwise invalidated. Plaintiff, therefore, cannot bring suit to challenge his conviction. Accordingly, his § 1983 claim for wrongful conviction must be dismissed for failure to state a claim upon which relief may granted.

Similarly, if the Court were to construe the allegations as bringing a state-law claim for malicious prosecution, such a claim also requires as an essential element "the termination of such proceedings in defendant's [meaning plaintiff's in the malicious prosecution action] favor[.]" *Martin v. O'Daniel*, __ S.W.3d __, 2016 Ky. LEXIS 423 (Ky. Sept. 22, 2016) (alteration in original). Plaintiff was convicted, and the criminal proceeding against him did not terminate in his favor. Therefore, Plaintiff cannot state a state-law malicious prosecution claim.

Plaintiff also states that Defendant's actions "constitute a breach of legal and moral duty owed to the plaintiff." However, Plaintiff does not state what legal duty Defendant owed to the

Plaintiff in the context of his arrest, and the Court cannot discern one.  Moreover, while the headings of the complaint include references to intentional torts, conspiracy, and defamation of character, even liberally reading the complaint, Plaintiff makes no factual allegations to support these claims.  While the Court has a duty to construe *pro se* complaints liberally, as stated above, "the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d at 1109).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

As Plaintiff has stated no factual allegations to support claims for negligence, intentional torts, conspiracy, and defamation of character, such claims will be dismissed for failure to state a claim upon which relief may be granted.

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date:  October 24, 2016

David J. Hale, Judge
United States District Court

cc:  Plaintiff, *pro se*
     Defendant
4415.010

6